UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
────────────────────────────────

LORRAINE JEAN HETHCOX,

                          Plaintiff,
          -vs-                          **No. 6:15-CV-06072 (MAT)**
                                        **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                          Defendant.

────────────────────────────────

## I.  Introduction

Represented by counsel, Lorraine Jean Hethcox ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted, and the matter is reversed and remanded solely for the calculation and payment of benefits.

## II. Procedural History

The record reveals that on January 13, 2012, plaintiff (d/o/b January 24, 1972) applied for DIB, alleging disability as of January 4, 2012. After her application was denied, plaintiff requested a hearing, which was held via videoconference before administrative law judge Marie Greener ("the ALJ") on June 20,

2013. The ALJ issued an unfavorable decision on September 10, 2013. The Appeals Council denied review of that decision and this timely action followed.

### III. The ALJ's Decision

Initially, the ALJ determined that plaintiff met the insured status requirements of the Social Security Act through December 31, 2016. At step one of the five-step sequential evaluation, see 20 C.F.R. § 404.1520, the ALJ determined that plaintiff had not engaged in substantial gainful activity since January 4, 2012, the alleged onset date. At step two, the ALJ found that plaintiff suffered from chronic low back pain secondary to degenerative disc disease, an impairment which she considered to be severe. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

Before proceeding to step four, the ALJ determined that plaintiff retained the RFC to perform a full range of sedentary work as defined in 20 C.F.R. 404.1567(a). At step four, the ALJ determined that plaintiff was not capable of performing past relevant work as a medical scheduler or office worker. At step five, the ALJ found that considering plaintiff's age, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. The ALJ thus found that plaintiff was not disabled.

## IV.  Discussion

A   district   court   may   set   aside   the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff argues that the ALJ failed to properly apply the treating physician rule to the opinion of plaintiff's primary treating physician, Dr. Byron Collins. The Court agrees, and because this issue is found to be dispositive, the Court will not address plaintiff's remaining arguments.

The treating physician rule provides that an ALJ must give controlling weight to a treating physician's opinion if that opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with other substantial evidence in the record. See Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2). When an ALJ declines to accord controlling weight to a treating physician's opinion, the ALJ "must consider various 'factors' to determine how much weight to give to the opinion[,]" id. (quoting 20 C.F.R. § 404.1527(d)(2)), such as "(i) the frequency of examination and

3

the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.'" Id.

Plaintiff sustained a work-related back injury in December 2008, and treated with Dr. Collins from that time forward in relation to her workers compensation claim. Treatment notes from Dr. Collins indicate that plaintiff's back condition deteriorated steadily over time. Plaintiff reported successive injuries to her back associated with performing normal activities of daily living ("ADLs"). For example, in February 2011 she went to the emergency room at St. James Mercy Hospital, secondary to muscle spasms experienced due to sneezing while washing dishes at the sink. In October 2011, she again visited the ER after experiencing back spasms while sitting on her daughter's bed.

By the time of her alleged onset date in January 2012, her reports of pain and clinical findings on physical examinations had worsened significantly since her initial injury in December 2008. While in pain management therapy from July 2012 through June 2013, she consistently reported interference with normal ADLs. On physical examination over that time period, she repeatedly demonstrated positive straight leg raising results, back spasms,

limited range of motion of the lumbar spine, and severe pain to palpation bilaterally over the sacroiliac joint and the lumbar spine. Results of MRI testing revealed a herniated disc at L4-L5, for which Dr. Collins referred her to neurosurgery. Although plaintiff had not undergone such surgery by the time of the ALJ's decision, she had attempted epidural steroid injections for pain on two occasions. After a negative reaction to the second injection in November 2012, she visited the ER for increased leg pain. That same month, Dr. Collins observed a "real severe tremor . . . involving the entire right leg when she [stood] up and put weight on it." T. 379. In April 2013, Dr. Collins noted that her tremor appeared to have resolved, but stated that his findings on physical examination, including marked weakness and dorsiflexion of her great toe, were "consistent with an[] L5-S1 disc herniation," and noted that "[a]ll of [his findings were] well documented in her previous studies." T. 377.

The ALJ focused on opinion evidence from three sources: Dr. Collins; consulting agency physician Dr. Frank Norsky; and consulting workers compensation physician Dr. Charles Reina. In May 2012, Dr. Norsky completed a consulting internal medicine examination at the request of the state agency. Dr. Norsky found that plaintiff "should be able to perform physical activities appropriate for her age and gender, with minimal limitations; mainly to limit her ability to do lifting up to 20 pounds." T. 352.

The ALJ gave this opinion "somewhat less weight," finding that it "involv[ed] some overstatement of [plaintiff's] overall capabilities." Id.

In April 2013, almost a year after Dr. Norsky's consulting exam, Dr. Collins opined that plaintiff was limited to "sedentary [work] up to 20 [hours per] week," and even at that level of activity would "require frequent breaks." T. 382. Dr. Collins opined that plaintiff could sit, stand, and/or walk for only 30 minutes each in an eight-hour workday. He noted that he expected no change in her condition, and that he had referred her to pain management and nuerosurgery. The ALJ stated that she gave Dr. Collins' opinion "the most weight," but rejected his opinion that she would only be able to work for 20 hours per week, finding that there was "no adequate support" in the record for such a restriction. T. 20. In discussing Dr. Collins' opinion, the ALJ failed to recognize that it also stated that plaintiff would be limited to standing, sitting, or walking for only 30 minutes in an eight-hour workday.

Also in April 2013, plaintiff was examined for workers compensation purposes by Dr. Reina, who opined that her prognosis was "[f]air at best," but indicated plaintiff should be "[r]e-trained to sedentary work," with sitting and standing alternating every thirty minutes. T. 395. The ALJ also gave this opinion "the

most weight," except as to the sit/stand restriction, finding that this limitation was "unsubstantiated." T. 20.

Upon a review of the record and a reading of the ALJ's decision, the Court concludes that the ALJ failed to properly apply the treating physician rule to Dr. Collins' opinion. After acknowledging that "[i]n recent months there [had] been some progression in symptoms as reported by Dr. Collins," and noting various highlights of those symptoms, the ALJ nevertheless came to the conclusion that Dr. Collins' functional assessment was "surprisingly restrict[ive]." T. 17-18.

Moreover, in assigning weight to Dr. Collins' opinion, the ALJ did not apply the factors laid out in 20 C.F.R. § 404.1527, which include, among others, (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; and (iii) the consistency of the opinion with the record as a whole. In this case, the length of treatment, as well as substantial evidence in the form of Dr. Collins' treatment notes, treatment notes from pain management, and objective findings on clinical examination and in MRI studies, weigh in favor of giving controlling weight to Dr. Collins' treating physician opinion. Most importantly, the record does not contain substantial evidence contradicting Dr. Collins' opinions. Therefore, the ALJ was not entitled to give

his opinion less than controlling weight. See <u>Halloran</u>, 362 F.3d at 32.

Based on the above, the Court also concludes that the ALJ did not provide the "good reasons" required to accord less than controlling weight to the treating physician's opinion. See <u>Silva v. Colvin</u>, 2015 WL 5306005, *5 (W.D.N.Y. Sept. 10, 2015) (citing <u>Blakely v. Comm'r of Soc. Sec.</u>, 581 F.3d 399, 406 (6th Cir. 2009) (noting that the "good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific'"); <u>Rogers v. Comm'r of Soc. Sec.</u>, 486 F.3d 234, 243 (6th Cir. 2007) (noting that "good reasons" rule exists to "ensur[e] that each denied claimant receives fair process")).

Moreover, the RFC finding, which was purportedly based on the opinions of Drs. Collins and Reina, failed to incorporate the most restrictive limitations from both of those opinions. Indeed, after rejecting Dr. Collins' opinion that plaintiff could work only 20 hours per week, and ignoring his opinion that plaintiff could not sit, stand, or walk for more than 30 minutes in an in an eight-hour workday, the ALJ's assignment of "the most weight" to Dr. Collins' opinion became a nullity. The ALJ did not actually adopt a single restriction from Dr. Collins' opinion; thus, she did not actually give it any weight at all. This constituted an obvious violation of the treating physician rule. Given the controlling weight to which it was entitled, Dr. Collins' opinion established

that plaintiff could not sustain work on a full-time basis, and therefore mandated a finding of disability. See SSR 96-8p (defining a 'regular and continuing basis' as "8 hours a day, for 5 days a week, or an equivalent work schedule").

For all of the above reasons, the Commissioner has failed to meet her burden, at the fifth step of the analysis, to prove that plaintiff was not disabled. See, e.g., Huhta v. Barnhart, 328 F. Supp. 2d 377 (W.D.N.Y. 2004) (where Commissioner fails to meet burden despite ample opportunity to do so, a finding of disability is warranted). The Court notes that the standard for directing a remand for calculation of benefits is met when the record persuasively demonstrates the claimant's disability, see Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980), and where there is no reason to conclude that the additional evidence might support the Commissioner's claim that the claimant is not disabled, see Butts v. Barnhart, 388 F.3d 377, 385-86 (2d Cir. 2004). That standard has been met in this case. Because additional proceedings would serve no purpose and would lead to further delay of plaintiff's claim which has been pending for over four years, remand solely for the calculation and payment of benefits is warranted. See McClain v. Barnhart, 299 F. Supp. 2d 309, 310 (S.D.N.Y. 2004) (recognizing "delay as a factor militating against a remand for further proceedings where the record contains substantial evidence of disability").

**V.    Conclusion**

For the foregoing reasons, the Commissioner's cross-motion for judgment on the pleadings (Doc. 12) is denied and plaintiff's motion (Doc. 8) is granted. This matter is reversed and remanded solely for the calculation and payment of benefits. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**


                                        **S/Michael A. Telesca**
                                        _____
                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:      March 1, 2016
            Rochester, New York.